**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-cv-00299-MSK-KMT

SYLVESTER CUEVAS,

      Plaintiff,

v.

UNITED STATES OF AMERICA,
C/O J. RODRIGUEZ,
C/O LOZANO,
C/O PERKINS,
C/O GOMEZ,
C/O MANES,
C/O HUMPHRIES,
C/O PETERS, and
C/O MUNOZ,

      Defendants.

---

**PLAINTIFF'S SUBMISSION OF PROPOSED JURY INSTRUCTIONS & VOIR DIRE
QUESTIONS**

---

      Plaintiff, by and through undersigned counsel, hereby respectfully submit their proposed

jury instructions and voir dire questions.

    1.     Attachment 1 is an annotated version of Plaintiff's proposed jury instructions.

    2.     Attachment 2 are Plaintiff's proposed voir dire questions.

      Respectfully submitted this 10th day of December, 2018.

*s/Julian G.G. Wolfson*
Julian G.G. Wolfson
Law Office of Julian G.G. Wolfson, LLC
1630 Welton Street #727
Denver, CO 80202
(720) 507-5133
jwolfsonlaw@gmail.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **PLAINTIFF'S SUBMISSION OF PROPOSED JURY INSTRUCTIONS & VOIR DIRE QUESTIONS** was submitted to the Court on this 10th day of December, 2018, via the CM/ECF filing system, which will send notification to the following individuals:

Susan Prose
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, CO 80202

*s/Julian G.G. Wolfson*

# ATTACHMENT 1

## PLAINTIFF'S  PROPOSED JURY INSTRUCTION NO. 1

Members of the jury: Now that you have been sworn, I will give you some preliminary instructions to help guide you during the course of the trial.

The trial begins with Opening Statements from each side's attorney, first from the Plaintiff, and then from the Defendant. These statements are not evidence. Think of these statements as each side giving you a general outline of what they expect to present during the trial, offered to help you understand the evidence as it comes in.

Following opening statements, the Plaintiff will begin presenting his evidence. The Plaintiff will call one or more witnesses to testify.  Counsel for the Plaintiff will ask the witness questions, a process that is called "direct examination." When the Plaintiff concludes the direct examination, counsel for the Defendants will have the opportunity to ask the witness questions in what is called "cross-examination." Counsel for the Plaintiff will then have an opportunity to conduct what is called "re-direct examination" of the witness. During these phases, counsel may also ask the witness to identify documents or other physical items and may offer these items as evidence. I will rule on whether these items can or cannot be admitted.

When the Plaintiff has presented all of the evidence he intends to put on, the Plaintiff will announce that he "rests." At this point, the Defendants have an opportunity to present evidence. If the Defendants do so, they will proceed through the same process I have just described.

When the Defendants are finished presenting evidence, they will "rest" as well. At that point, the Plaintiff will have a final opportunity to present evidence in "rebuttal" to evidence presented by the Defendants.

After all the evidence has been presented, I will give you concluding instructions as to law and the process you should use in considering the evidence. The attorneys then will present closing arguments. In these arguments, the attorneys will review the evidence that has been presented, explain what conclusions they believe you should draw from that evidence, and

otherwise explain their view of the case to you. The Plaintiff will present his closing argument first, followed by the Defendants, and the Plaintiff has the opportunity to have the final word.

Following closing arguments, you will retire to the Jury Room to deliberate on your verdict.

**Authority:** Court's Introductory Jury Instructions – Civil, Instruction No. 1, at http://www.cod.uscourts.gov/Portals/0/Documents/Judges/MSK/msk_jury_instructions_civil.pdf.

**PLAINTIFF'S  PROPOSED JURY INSTRUCTION NO. 2**

As I mentioned in the jury selection process, in a jury trial the jury and the judge work as a team, each performing different jobs.

Jurors have four tasks: 1) to listen to and review all of the evidence; 2) to decide the facts in this case, that is, what actually happened; 3) to apply the law to the facts; and 4) to reach a decision as to all claims and affirmative defenses. Your decision is called a verdict. In reaching your verdict, you must assess the evidence and follow the law whether you agree with it or not. Nothing I say or do during the course of the trial is intended to indicate, or should be understood by you as indicating what your verdict should be.

As the judge, I must ensure the trial process moves smoothly and properly, determine what law applies, and instruct you as to the law.  During the trial, the attorneys may object to questions asked, evidence offered, or other matters. I will rule upon these objections. You might analogize my rulings to a referee's calls made during a football game as to whether a ball is in or out of bounds.   If I find that the evidence is admissible, it is "in bounds," and something that you may consider.   If I find that the evidence is not admissible, it is out of bounds" and something that you cannot consider.

At times you may be excused from the courtroom or the attorneys may come to the bench for a private conference. We will try to minimize any inconvenience to you, but these conferences are a natural and essential part of the trial process. The attorneys will be addressing issues such as which order witnesses will be presented in, whether the parties can agree on certain facts, the applicable law, and so on.

**Authority:** Court's Introductory Jury Instructions – Civil, Instruction No. 2, at
http://www.cod.uscourts.gov/Portals/0/Documents/Judges/MSK/msk_jury_instructions_civi
l.pdf.

## PLAINTIFF'S  PROPOSED JURY INSTRUCTION NO. 3

You listen to and review the evidence presented during a trial in order to determine the

facts – that is, what happened.  For example, in a traffic accident case parties might disagree as to

whether a traffic light was red or green when a car went through an intersection. One witness

testifies that the light was red; another witness testifies that the light was green. You, as jurors,

would evaluate the testimony of these witnesses and all other evidence presented in order to decide

whether the light was red or green.

Ordinarily, the form of evidence presented will be witness testimony, documents, and other

things received as exhibits.  In some cases, I may also inform you of certain facts that the lawyers

agree are true or facts that I will instruct you treat as true.

There are two kinds of evidence - direct and circumstantial. You may consider both kinds

and neither is given more weight than the other.

Direct evidence is direct proof of a fact – for example, by testimony of a person who saw an

event, heard a statement, or felt a sensation.

Circumstantial evidence is evidence that suggests the existence of a fact. As an example

of circumstantial evidence, please imagine that a person walks into the entry way of a building

carrying an umbrella and wearing a wet raincoat. You might reason, based on what you see, that

it is raining outside. There is no direct evidence that it is raining – you cannot see it raining and

the person who has walked in has not told you that it is raining – but based on your experience, you

draw an inference from the wet raincoat and umbrella. However, you could reach another

conclusion from the wet raincoat and umbrella. Perhaps, you heard someone say that the

sprinklers were running outside the building. As a result you might conclude that the sprinklers

are a more reasonable explanation for the wet coat than a thundershower.

You make decisions based on direct and circumstantial evidence every day, and should use your experience in everyday life to help you make your decision here.

It will be up to you to decide which witnesses to believe and which not to believe and how much of any witness's testimony to accept or reject. You should use the same tools, observations, and methods you use in your everyday life to help you decide who should be believed and who should not. However, because you will only hear one witness at a time, you should wait until you have heard all of the evidence before you make up your mind as to whether to believe the testimony of any witness and before you decide about the existence of any particular fact.

**Authority:** Court's Introductory Jury Instructions – Civil, Instruction No. 3, at http://www.cod.uscourts.gov/Portals/0/Documents/Judges/MSK/msk_jury_instructions_civil.pdf.

## PLAINTIFF'S  PROPOSED JURY INSTRUCTION NO. 4

There are certain things, however, that are **not evidence,** and you **may not** consider these things in reaching your verdict.

1.    Statements, arguments, questions or objections by the attorneys **are not evidence.**   In making their Opening Statements or Closing Arguments, in posing questions to witnesses, and in making and responding to objections, lawyers may assert certain facts or describe certain events certain ways. A lawyer's description of facts or events is not evidence that you should consider, because a lawyer is not a witness, and a lawyer's statement is not testimony. If a lawyer's description of a particular fact or event is different from that which you heard from a witness, understand that it is the <u>witness's</u> version of the fact or event, not the lawyer's, that is the evidence you may consider.

2.    If I tell you to disregard a particular statement by a witness, or disregard some document or item, that statement or item is **not evidence**. You must put that statement or item out of your mind and not consider it for any purpose. Do not be influenced by any evidentiary objection, my ruling on it, or the frequency of objections made by any attorney. If I sustain the objection, you should ignore the answer to the question; if I overrule the objection, treat the answer like any other. I may in some instances instruct you that the evidence can be received for a particular purpose, only. In that case, you must consider it <u>only</u> for the particular purpose I have specified.

3.    Anything you see or hear outside the courtroom **is not evidence.** You must limit yourself to the evidence presented here in the courtroom.

4.    During the course of the trial, people may enter and leave the courtroom or counsel tables. It is not unusual for attorneys or parties to have to stand up, move about the room, confer

with others, or even leave the room to attend to certain matters. You should not concern yourself

with this - **it is not evidence**.

**Authority:** Court's Introductory Jury Instructions – Civil, Instruction No. 4, at
http://www.cod.uscourts.gov/Portals/0/Documents/Judges/MSK/msk_jury_instructions_civi
l.pdf.

## PLAINTIFF'S  PROPOSED JURY INSTRUCTION NO. 5

Many, if not all of you, have watched portions of a trial on TV or in the movies. Some of you may have served on prior juries or watched a live trial. Those of you who have had both experiences will undoubtedly note that there is a difference between them.

TV and movie trials are designed to entertain and the trial scenes often are used to solve a mystery or to create drama.

That is not the function of a real trial.  A real trial is a search for truth -- truth as to the facts upon which the parties do not agree.  Therefore, there will be moments when the trial process may seem dull and boring compared to what you see on TV or in the movies. I ask nonetheless that you pay careful attention.  If you require a recess, you may signal the courtroom deputy by raising your hand.

In addition, you may feel that you have not heard the whole story. That may be true because you are asked only to resolve discrete issues. Please be assured that the parties will have presented the best evidence they have as to those issues. Sometimes the issues will change during trial. The verdict form and jury instructions will define the issues you need to determine and give you the legal framework so you can apply the law.

**Authority:** Court's Introductory Jury Instructions – Civil, Instruction No. 5, at
http://www.cod.uscourts.gov/Portals/0/Documents/Judges/MSK/msk_jury_instructions_civi
l.pdf.

## <u>PLAINTIFF'S  PROPOSED JURY INSTRUCTION NO. 6</u>

As you know, this is a civil case. The Plaintiff has the burden of proving all of the required elements of his case by a preponderance of the evidence. This means that the evidence must be sufficient to convince you that what the Plaintiff claims is "more likely than not" to have occurred. If you think of the scales of justice," the Plaintiff's evidence must be enough to tip the scale somewhat to his side in order to prevail. It is **not sufficient** for the Plaintiff to prove that his version of the events **might** be true, or even to prove that it is **as likely** to be true as another version. If the Plaintiff fails to meet this burden, your verdict must be for the Defendants.

Those of you who have been involved in a criminal case will have heard of "proof beyond a reasonable doubt." That standard does not apply in this case unless you are specifically instructed. Unless you are told to do so, do not use it.

**Authority:** Court's Introductory Jury Instructions – Civil, Instruction No. 6, at http://www.cod.uscourts.gov/Portals/0/Documents/Judges/MSK/msk_jury_instructions_civil.pdf.

## PLAINTIFF'S  PROPOSED JURY INSTRUCTION NO. 7

Now, let me share a few words about your conduct during the case.

1. **You may take notes during the trial.** You have a notebook with a pad of paper and a pencil/pen for that purpose.  Unless instructed to the contrary, the notebook and pad should be left on your seat anytime you leave the courtroom. You may use your notes to help you recall evidence when you deliberate, but do not rely on your notes or those taken by a fellow juror if the notes do not agree with your recollection. Everyone takes notes in different formats, levels of detail, and of different things, and they are only to be used as an aid to your memory as to what you saw and heard. Listen carefully. Do not assume that you will have a record of any testimony presented in the courtroom during your deliberations.

2. **You will not be able to ask questions of the witnesses or their attorneys**. If you have problem or a particular need, please let our Courtroom Deputy know.

3. Consistent with the solemn oath that you just took, there are certain restrictions that you must abide by. During the trial **you are not to communicate about the case with anyone or permit anyone to communicate with you.** This means that you cannot discuss the case with your co-jurors until the trial is over and you begin deliberations. You are not to communicate about the case with anyone else (spouse, family, friend, or anyone else) until after the jury has reached its verdict and you have been discharged.

This prohibition also applies to electronic communications. You may not post any information on the internet or through any other electronic medium about your participation on this jury or about this trial. This means that you may not use social media or email, tweet, text or use any other form of electronic communication to identify the trial, to disclose the identity of any person involved in the trial (other jurors, attorneys, parties, or witnesses), or to disclose the nature

of the controversy, what occurs in the trial or what you or others think about the evidence presented. Similarly, do not read or listen to anything reported by the media or press that relates to this case -- this includes newspapers, TV, radio, or internet commentary.

If you receive any communication about the trial, from any person or through any medium, tell the Courtroom Deputy, who will tell me.

4. **Do not conduct any research or make any investigation about the case**. Do not consult books, visit sites or search on the internet for information about any party, counsel, witness, event or other information concerning this controversy or trial. To do so would violate the solemn oath that you took to limit yourself to the evidence presented in the courtroom.

5. **Keep an open mind and do not form any opinion until all the evidence has been presented and you begin deliberations with your co-jurors.** Once you begin deliberations, you may only discuss the case if all jurors are present.

**Authority:** Court's Introductory Jury Instructions – Civil, Instruction No. 7, at http://www.cod.uscourts.gov/Portals/0/Documents/Judges/MSK/msk_jury_instructions_civil.pdf.

## PLAINTIFF'S  PROPOSED JURY INSTRUCTION NO. 8

Ladies and gentlemen:

This is a civil case brought by Plaintiff Sylvester Cuevas against Defendants Manes,

Rodriguez, Munoz, Gomez Humphries, Lozano, Perkins, and Peters.  Plaintiff is an inmate who

was previously incarcerated at the federal prison referred to as ADX, located in the State of

Colorado. Defendants are Correctional Officers either currently or formerly employed by the

Bureau of Prisons ("BOP") at ADX.  Plaintiff was incarcerated at ADX from November 27,

2012 – December 2, 2016.

Plaintiff asserts that at various times between 2014 and 2016, Defendants Manes,

Rodriguez, Munoz, Gomez Humphries, and Lozano informed Plaintiff's fellow inmates of

sensitive information about him or his crimes, with the intention that those inmates violently

attack him as a result of the information shared.  Plaintiff claims that by engaging in these acts,

Defendants failed to protect him in violation of his right to be free from cruel and unusual

punishment under the Eighth Amendment to the United States Constitution.  Specifically,

Plaintiff alleges that he faced an objectively substantial risk of harm from other inmates and that

Defendants had subjective knowledge of that risk but nevertheless disregarded it by intentionally

providing inmates with sensitive information about Plaintiff.

Plaintiff also asserts that between 2014 and 2016, Defendants Peters and Perkins failed to

fulfill their duty to intervene and respectively stop Defendants Manes and Rodriguez from

committing at least some of the aforementioned Eighth Amendment violations, despite being

present when those violations were committed and despite having a realistic opportunity to

intervene.  Plaintiff claims that Defendant Peters' and Perkins' failure to fulfill this affirmative

duty constitutes a violation of his Eighth Amendment right to be free from cruel and unusual

punishment

Defendants deny all allegations submitted by Plaintiff.  Accordingly, Defendants assert that they did not violate Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment.

**Authority:** O'Malley, Grenig & Lee, *Federal Jury Practice & Instructions*, § 101.01 (2011) [Modified]; *Benefield v. McDowall*, 241 F.3d 1267, 1271 (10th Cir. 2001); *Weigel v. Broad*, 544 F.3d 1143, 1153 n.4 (10th Cir. 2008).

## PLAINTIFF'S  PROPOSED JURY INSTRUCTION NO. 9

In this case, the parties have stipulated the following facts:

1.     Plaintiff was housed in the ADX from November 27, 2012, until December 2, 2016.

2.     Plaintiff was housed on Range 4 of "Delta Unit," or "D Unit," at the ADX in cell number 203L from May 22, 2013, to September 10, 2013.

3.     Plaintiff was housed on Range 4 of D Unit at the ADX in cell number 205L from September 10, 2013, to April 24, 2014, 2014.

4.     Plaintiff was housed on Range 4 of "Echo Unit," or "E Unit," at the ADX in cell number 208L from April 24, 2014, to June 11, 2014.

5.     Plaintiff was housed on Range 3 in D Unit at the ADX in cell number 109L from June 11, 2014, to September 16, 2014.

6.     Plaintiff was housed on Range 3 in D Unit at the ADX in cell number 110L from September 16, 2014, to February 7, 2015.

7.     Plaintiff was housed on Range 3 of D Unit at the ADX in cell number 111L from February 7, 2015, to August 12, 2015.

8.     Plaintiff was housed on Range 3 of D Unit at the ADX in cell number 112L from August 12, 2015, to August 14, 2015.

9.     Plaintiff was housed on Range 1 of D Unit at the ADX in cell number 107L from August 14, 2015, to November 10, 2015.

10.    Plaintiff was housed on Range 1 of D Unit at the ADX in cell number 108L from November 10, 2015, to December 3, 2015.

11.     Plaintiff was housed on Range 5 of D Unit at the ADX in cell number 104L on

December 3, 2015.

12.     Plaintiff was housed on Range 2 of the Special Housing Unit ("SHU") at the

ADX in cell number 212L from December 3, 2015, to December 23, 2015.

13.     Plaintiff was housed on Range 2 of the SHU at the ADX in cell number 211L on

December 23, 2015.

14.     Plaintiff was housed on Range 2 of the SHU at the ADX in cell number 212L

from December 23, 2015, to January 6, 2016.

15.     Plaintiff was housed on Range 6 of E Unit at the ADX in cell number 208L from

January 6, 2016, to April 7, 2016.

16.     Plaintiff was housed on Range 6 of E Unit at the ADX in cell number 207L from

April 7, 2016, to July 14, 2016.

17.     Plaintiff was housed on Range 6 of E Unit at the ADX in cell number 206L from

July 14, 2016, to October 6, 2016.

18.     Plaintiff was housed on Range 6 of Unit at the ADX in cell number 205L from

October 6, 2016, to December 2, 2016.

19.     At all relevant times, each of the individual defendants was an employee of the

BOP.

## **PLAINTIFF'S  PROPOSED JURY INSTRUCTION NO. 10**

The fact that a Plaintiff files a lawsuit is not evidence that the other party did anything wrong.  The fact that a Plaintiff complains of damage or loss occurred is not evidence of such damage or that the other party violated the law. Similarly, the fact that a Defendant denies such damage or loss occurred is not evidence that no loss occurred or that the law was not violated. Both the complaint and the denial are merely the formal way in which the case is brought to court for you to decide. The traditional expression,"where there's smoke there's fire," is not always true and it cannot have any part in your reaching a decision in this case.

**Authority:** Honorable Judge John L. Kane Stock Jury Instructions No. 1.6.

## **PLAINTIFF'S  PROPOSED JURY INSTRUCTION NO. 11**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any part to produce as exhibits all papers and things mentioned in the evidence in the case.

**Authority:** O'Malley, Grenig & Lee, Federal Jury Practice & Instructions, § 105.11 (2011).

**PLAINTIFF'S  PROPOSED JURY INSTRUCTION NO. 12**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony. If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves. An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**Authority:** O'Malley, Grenig & Lee, Federal Jury Practice & Instructions, § 105.04 (2009).

## PLAINTIFF'S  PROPOSED JURY INSTRUCTION NO. 13

To succeed on his Eighth Amendment failure to protect claims against Defendants Manes, Rodriguez, Munoz, Gomez, Humphries, or Lozano, Plaintiff must prove each of the following three (3) things by a preponderance of the evidence.

1. By providing inmates sensitive information concerning Plaintiff, Defendant subjected Plaintiff to a strong likelihood of serious harm.

In assessing the seriousness of the harm, you consider the severity of the risk of harm and the length of time Plaintiff was exposed to such risk.

2. Defendant was aware of this strong likelihood that Plaintiff would be seriously harmed or strongly suspected facts showing a strong likelihood that Plaintiff would be seriously harmed, but refused to confirm whether these facts were true.

3. Notwithstanding Defendant's actual knowledge that providing inmates sensitive information concerning Plaintiff would result in a strong likelihood of serious harm to Plaintiff, Defendant nevertheless engaged in such conduct.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

**Authority:** The Committee on Pattern Civil Jury Instructions of the Seventh Circuit, Federal Civil Jury Instructions of the Seventh Circuit (2017 rev.); *Benefield v. McDowall*, 241 F.3d 1267, 1271 (10th Cir. 2001).

## PLAINTIFF'S  PROPOSED JURY INSTRUCTION NO. 14

To succeed on his Eighth Amendment failure to intervene claims against Defendant Perkins, Plaintiff must provide the following three (3) things by a preponderance of the evidence.

1. Defendant Manes violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment by disclosing sensitive information concerning Plaintiff to other inmates despite having actual knowledge that such conduct would result in a strong likelihood of serious harm to Plaintiff.

2. Defendant Perkins knew that Defendant Manes was disclosing sensitive information concerning Plaintiff to other inmates in violation of his Eighth Amendment rights.

3. Defendant Perkins had a realistic opportunity to do something to prevent Defendant Manes' unconstitutional conduct.

4. Defendant Perkins failed to take reasonable steps to prevent Defendant Manes' from violating Plaintiff's constitutional rights.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

**Authority:** The Committee on Pattern Civil Jury Instructions of the Seventh Circuit, Federal Civil Jury Instructions of the Seventh Circuit (2017 rev.); *Weigel v. Broad*, 544 F.3d 1143, 1153 n.4 (10th Cir. 2008).

## PLAINTIFF'S  PROPOSED JURY INSTRUCTION NO. 15

To succeed on his Eighth Amendment failure to intervene claims against Defendant Peters, Plaintiff must provide the following three (3) things by a preponderance of the evidence.

1. Defendant Rodriguez violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment by disclosing sensitive information concerning Plaintiff to other inmates despite having actual knowledge that such conduct would result in a strong likelihood of serious harm to Plaintiff.

2. Defendant Peters knew that Defendant Manes was disclosing sensitive information concerning Plaintiff to other inmates in violation of his Eighth Amendment rights.

3. Defendant Peters had a realistic opportunity to do something to prevent Defendant Rodriguez's unconstitutional conduct.

4. Defendant Peters failed to take reasonable steps to prevent Defendant Rodriguez from violating Plaintiff's constitutional rights.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

**Authority:** The Committee on Pattern Civil Jury Instructions of the Seventh Circuit, Federal Civil Jury Instructions of the Seventh Circuit (2017 rev.); *Weigel v. Broad*, 544 F.3d 1143, 1153 n.4 (10th Cir. 2008).

## PLAINTIFF'S  PROPOSED JURY INSTRUCTION NO. 16

Congress has enacted a statute called the Prison Litigation Reform Act. Under the Prison Litigation Reform Act, a person who is incarcerated cannot recover compensatory damages for mental and emotional distress against a corrections official unless the inmate demonstrates he or she suffered a physical injury.

In this case, Plaintiff has not suffered any physical injury and therefore he cannot recover compensatory damages for mental or emotional distress from the Defendants pursuant to the Prison Litigation Reform Act. You are not to consider the fact that the Plaintiff cannot recover compensatory damages in this matter in deciding whether any punitive damages should be awarded the Plaintiff from the Defendants.

**Authority:** 42 U.S.C. § 1997e(e); *Perkins v. Kansas Dep't. of Corr's*., 165 F.3d 803, 807-08 (10th Cir. 1999); *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001).

## PLAINTIFF'S  PROPOSED JURY INSTRUCTION NO. 17

The law permits you to award an injured person punitive damages under certain circumstances in order to punish the defendant for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

If you find in favor of Plaintiff and against Defendants, and if you find the conduct of Defendants was motivated by evil motive or intent, or involved reckless or callous indifference to the federally-protected rights of Plaintiff, then, you may, but are not required to, award Plaintiff an amount as punitive damages if you find it is appropriate to punish or deter Defendants or others from like conduct in the future. Whether to award Plaintiff punitive damages and the amount of those damages are within your sound discretion.

**Authority:** O'Malley, Grenig & Lee, Federal Jury Practice & Instructions, § 166.62 (5th ed. 2009) [Modified]; *Searles v. Van Bebber*, 251 F.2d 869, 879 (10th Cir. 2001).

## **PLAINTIFF'S  PROPOSED JURY INSTRUCTION NO. 18**

If you find for Plaintiff, you must not take into account any consideration of attorney's fees or court costs in deciding the amount of Plaintiff's damages.  I will decide the matter of attorney's fees and court costs, if any, later.

**Authority:** O'Malley, Grenig & Lee, Federal Jury Practice & Instructions, § 128.100 (5th ed. 2011).

# ATTACHMENT 2

## PLAINTIFF'S PROPOSED VOIR DIRE QUESTIONS

1. Who thinks you might have difficulty basing your decision in this case on the evidence, apart from any feelings of sympathy or prejudice for or against either the defendant or the victim of this case?

2. What do you think are the most important qualities a juror should have?

3. There is a substantial difference between the burden of proof in a criminal trial and the burden of proof in a civil trial. In a criminal trial, the prosecution must prove all the essential facts beyond a reasonable doubt. In a civil trial such as this one, by contrast, the burden of proof is less demanding. To win a civil case, plaintiff must prove all the essential facts by a preponderance of the evidence Preponderance of the evidence means that after the jury takes into account the evidence the defendants have presented, the jury concludes that the essential facts are more likely true than not true. Do any of you think you would have any difficulty in applying the preponderance of the evidence standard in this civil action?

4. Have you, or has anyone in your immediate family, been a party (either as a plaintiff or as a defendant) to any lawsuit, civil or criminal? If so, please raise your hand. For those who have raised their hand, is there anything about that experience that would cause you to question your ability to decide this case fairly and impartially, only on the basis of the evidence I admit during this trial and the law as I instruct you in it.

5. Have you, or has anyone in your immediate family, attended law school or had any other training in the law? If so, will you put whatever knowledge of the law you may have acquired before today out of your mind during this trial, and will you promise to apply only those legal principles in which the Court instructs you?

6.  Do any of you have any specific feelings or opinions about lawsuits, lawyers or the parties who bring lawsuits, either positive or negative?

7.  Do any of you have any personal objection to lawsuits that seek monetary compensation for injuries and damages suffered?

8.  Do you have any specific feelings about the size of jury awards?

9.  Punitive damages are designed to punish a party and deter future similar conduct. Do any of you have an opinion on whether it is appropriate for a jury to punish parties for wrongdoing by awarding punitive damages?

10. Would any of you have any difficulty in following the courts instructions with respect to awarding punitive damages if the evidence were to justify such an award?

11. Do any of you have any reluctance about serving as a juror?

12. Is there anyone who would feel any reluctance in joining the discussion with the members of the jury during deliberations?

13. Would any of you feel offended if other members of the jury disagreed with your view of the evidence?

14. It is your duty as a juror to listen to the opinions and points of view of the other members of the jury. Would any of you be unwilling to listen to a fellow juror who disagreed with you?

15. It is also your duty as a juror to express your opinion or point of view regarding the evidence to the other members of the jury. Is there anyone who would be unwilling to speak up and try to persuade other members of the jury who disagreed with your view of the evidence?

16.     Is there anyone who would be unwilling to change an opinion if, after listening to the arguments of the other members of the jury, you were persuaded that your opinion was wrong?

17.     Do you understand that you must follow the Court's instructions regarding the law whether you agree with the law or not? If that idea troubles you, please raise your hand.

18.     Have you or any of your family members been incarcerated?

19.     Have you or any of your family members been victims of crimes?

20.     Does everyone believe that a person who is convicted of a crime maintains their constitutional rights?

21.     Are you less likely to believe an individual simply because they have been convicted of a crime?